# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-17894 |
| | ) | |
| Jeremy R. Robinson | ) | Hon. Pamela S. Hollis |
| Debtor. | ) | Chapter 7 |

## COVER SHEET FOR FINAL
## APPLICATION FOR COMPENSATION
28 C.F.R. Part 58, Appendix A

| APPLICANT | Bruce de'Medici |
|---|---|
| TOTAL COMPENSATION SOUGHT THIS PERIOD | $2,167.50 |
| TOTAL EXPENSES SOUGHT THIS PERIOD | -0- |
| TOTAL COMPENSATION APPROVED BY INTERIM ORDERS | -0- |
| TOTAL EXPENSES APPROVED BY INTERIM ORDERS | -0- |
| TOTAL ALLOWED COMPENSATION PAID TO DATE | -0- |
| TOTAL ALLOWED EXPENSES PAID TO DATE | -0- |
| PROFESSIONALS INCLUDED IN THIS APPLICATION | Bruce de'Medici |
| HOURLY RATE | $425 |
| DATE OF BAR ADMISSION | 1980 |
| TOTAL HOURS BILLED | 5.1 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-17894 |
| | ) | |
| Jeremy R. Robinson | ) | Hon. Pamela S. Hollis |
| Debtor. | ) | Chapter 7 |

## FINAL APPLICATION OF
## COUNSEL FOR TRUSTEE FOR COMPENSATION

Bruce de'Medici (the "Applicant") respectfully submits this final application for the allowance and payment of compensation of $2,167.50 pursuant to sections 330(a) and 503(b) of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Code"), for services rendered to Horace Fox, Jr., in his capacity as trustee of the estate of Jeremy R. Robinson, and states in support as follows:

## I
## STATEMENT IN SUPPORT OF
## APPLICATION OF BRUCE DE'MEDICI FOR
## COMPENSATION AND REIMBURSEMENT OF EXPENSES

A.  US TRUSTEE GUIDELINES AND 28 C.F.R. PART 58, APPENDIX A.

1.  **Information about the Applicant and the Application:**

(i) Case and applicant information:

| NAME OF APPLICANT | Bruce de'Medici |
|---|---|
| PETITION DATE | 4/30/12 |
| DATE OF ORDER APPROVING EMPLOYMENT | 12/18/12 |
| NAME OF CLIENT | Horace Fox, Jr./trustee |
| SEEKING COMPENSATION | Pursuant to §§330(a) and 503(b) of the Code |

(ii) Terms/conditions of employment

The estate employed the Applicant at his hourly rate and pursuant to section 327(a) of the Code. The application before the Court does not include any time for which the Court entered an award or the estate remitted payment. The Applicant did not seek and the estate did not provide or pay any retainer. The Trustee did not 'promise' any payments to the Applicant outside of advising it that it would have the right to seek compensation and reimbursement of costs pursuant to sections 330(a) and 503(b) of the Code out of funds of the estate. The Applicant's request is not subject to any budgets, caps, or limitations on fees or costs.

(iii)    Summary of timekeepers:

| NAME | FIRST ADMISSION | FEES BILLED | HOURS BILLED | HOURLY RATE |
|---|---|---|---|---|
| Bruce de'Medici | 1980 | $2,167.50 | 5.1 | $425 |

The Applicant's hourly rate is based upon customary compensation charged by comparably skilled practitioners in bankruptcy cases.

(iv)    Application information:

This is a final application and covers the period December 10, 2012, to February 18, 2014. Prior applications: None.

(v) Client review and approval

The Trustee has been given the opportunity to review this application and has approved the amount of compensation requested herein

2.    **Case Status:**

| MONEYS RECEIVED | $7,000 plus interest |
|---|---|
| MONEYS DISBURSED | -0- |
| EXPECTED CLOSING DATE | Spring 2014 |
| CASH ON DEPOSIT | $7,000 plus interest |

| ACCRUED ADMINISTRATIVE EXPENSES | Trustee compensation. |
|---|---|
| UNENCUMBERED FUNDS IN THE ESTATE | All funds in the estate |

B.   PROJECT SUMMARY

1.   Jeremy R. Robinson, debtor herein (the "Debtor"), commenced this case on April 30, 2012, by filing a petition for relief under chapter 7 of the Code. The Office of the United States Trustee appointed Horace Fox, Jr. to administer the assets of the estate as the chapter 7 trustee (the "Trustee"). On December 18, 2012, the Trustee obtained authority from this Court to employ Bruce de'Medici as his counsel.

2.   The Applicant rendered services to the Trustee and is seeking compensation pursuant to sections 330(a) and 503(b) of the Code. The Trustee has been given the opportunity to review this application and has approved the amount of compensation requested herein.

3.   The services underlying this Application concern the Trustee's sale of the interest of the estate in the Debtor's 2008 Acura MDX vehicle to the Debtor for the amount of $7,000. Through the Applicant's services, the Trustee obtained the proceeds from this sale these funds for distribution to creditors. Through these services the Trustee obtained sufficient funds to remit a significant distribution to unsecured, non-priority claims. The Applicant financed the estate through his services and has done so to benefit the estate.

4.   In compliance with the applicable standards for the preparation of fee applications, the Applicant set forth the time that it devoted to the foregoing, a narrative of the matters that are involved, and the benefit and results for the estate. Additionally, the Applicant included herein detailed time records in chronological order for each category of service. This Court did not previously award compensation to any counsel in this case.

## ASSETS

5. The Applicant seeks allowance and payment for 1.7 hours in performing services under this category, at a value of $722.50. A copy of the entries for these services is included within Exhibit "i".

6. The Trustee determined that the estate had value from the Debtor's interest in his 2008 Acura MDX and instructed the Debtor to make an offer to purchase the interest of the estate in it. The Debtor did so and the Trustee instructed the Applicant to prepare the pleading for the Trustee to obtain authority to accept the Debtor's offer and consummate the sale. The Applicant did so and this Court approved the sale. The Debtor tendered the sale proceeds and the Trustee was able to generate proceeds to fund a dividend to creditors.

7. The Applicant's services in this regard were productive for the Trustee's obligation to recover and administer assets of the estate, and in providing them the Applicant provided a service to the Trustee and the estate. These services were beneficial to the estate and the Applicant is entitled to be compensated for them.

## PROFESSIONALS

8. The Applicant expended 1.6 hours in performing services under this category, at a value of $680. The Applicant is entitled to be compensated for these services. A copy of the entries for these services is included within Exhibit "ii".

9. The Trustee determined that he would require advice of counsel relative to the sale of the Debtor's vehicle and (potentially) to reconcile claims, and, accordingly, instructed the Applicant to prepare the application to enable the Trustee to retain counsel. The Applicant both prepared the application and appeared before this Court in support, and this Court entered an order authorizing the Trustee to employ counsel. These services were necessary for the Trustee

to abide by his obligations under the Code and thus benefitted the estate. The fees for this category of services are reasonable and the Applicant is entitled to be paid for them.

### PREPARATION OF FEE APPLICATION

10. The Applicant expended 1.8 hours in performing services under this category, at a value of $765. The Applicant is entitled to be compensated for these services. A copy of the entries for these services is included within Exhibit "iii".

11. In preparing the Application, Bruce de'Medici complied with the standards which are set forth in the opinions in *In re Continental Illinois Securities Litigation*, 572 F.Supp. 931 (N.D. Ill. 1983), *In re Pettibone Corp.*, 74 B.R. 293 (Bankr. N.D. Ill. 1987) and *In re Wildman*, 72 B.R. 700 (Bankr. N.D. Ill. 1987), Local Rule 5082-1; and 28 CFR Ch. 1, Pt. 58, App. A (and the corresponding guidelines of the Office of the United States Trustee). The Applicant is entitled to be compensated for preparing the Application, in accordance with *In re Alberto*, 121 B.R. 531 (Bankr. N.D. Ill. 1990) and *In re NuCorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985).

## II
## ALLOWANCE OF COMPENSATION

A. STANDARDS FOR DETERMINING ALLOWANCE

12. Section 330 of the Code provides, in relevant part:

(a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103 —
> (A) reasonable compensation for actual, necessary services rendered by . . . such person; and
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

13. Pursuant to section 330, professionals applying for fees must demonstrate that their services were actual, necessary and reasonable. Bankruptcy Rule 2016, in turn,

6

requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016.

14. To be compensable, services that professionals render to a debtor must produce a benefit to the estate. *In re Grabill Corp.*, 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (Squires, J.) (citations omitted). In assessing the reasonableness of attorneys' fees under section 330, Judge Squires considered the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*In re McNichols*, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.).

15. Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the reasonableness of the services provided to the estate. As the United States Court of Appeals for the First Circuit has recognized:

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the debtor] would

not have enjoyed the success it did had its counsel managed matters differently.

*In re Boston and Maine Corporation*, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and citations omitted). The Seventh Circuit has recognized that the appropriate measure to determine the reasonableness of attorneys' fees is the market based approach. *See Steinlauf v. Continental Illinois Corp. (In the Matter of Continental Illinois Sec. Lit.)*, 962 F.2d 566, 572 (7th Cir. 1992) (stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation . . ."). Similarly, as Judge Squires reasoned, "the attorney/client relationship [i]s one in which the terms of the engagement should normally be upheld, including the fee arrangement, so as not to unduly intrude upon the bargain struck between the parties who have entered into an important professional relationship." *In re Famisaran*, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998) (Squires, J.).

B. APPLICATION OF RELEVANT CRITERIA AND STANDARDS

16. In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and expended by the Applicant, the reasonableness of the services rendered and the results achieved. All of the services performed by the Applicant were required for the proper representation of the Trustee in this case, authorized by the Court, and performed by the Applicant at the request and direction of the Trustee. Pursuant to section 331 of the Code and the generally applicable criteria of the time, nature, extent, and value of the services performed, all of the Applicant's services are compensable. The Applicant's efforts in this case focus

precluded the Applicant from taking on any other matters with pending or imminent deadlines.

17. Further, the amount of services rendered by the Applicant to achieve the results obtained for the benefit of the estate's creditors was reasonable in light of the complexity of the issues involved in this case. The experience and expertise in bankruptcy cases and the quality of the services brought to this case by the Applicant further supports the requested compensation. The Applicant charges an hourly rate that is comparable to the market for lawyers with his experience. Furthermore, the rates at which the Applicant seeks compensation are his standard hourly rates. The Applicant's hourly rates and hours for which compensation is sought are reasonable and appropriate. The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is eminently fair given the efforts required of the Applicant in this case and the risk of non-payment.

### III
### STATEMENT PURSUANT TO 11 U.S.C. 504
### AND BANKRUPTCY RULE 2016(a)

18. Except to the extent that under section 504(b)(1) of the Code a professional may share compensation within that party's firm, the Applicant has not agreed to share with any person, firm, or entity any award of fees which it may receive for having represented the Trustee in this case. Furthermore, there is no agreement between the Applicant and any other party for sharing compensation that any other person, firm or entity receives in connection with representing the Trustee in this case.

## IV
## REQUEST FOR RELIEF

WHEREFORE, Bruce de'Medici, as counsel for the trustee for Jeremy R. Robinson, prays that pursuant to 11 U.S.C. §§330(a) and 503(b) this Court allow final compensation to Bruce de'Medici in the amount of $2,167.50, authorize the Trustee to remit payment thereon, and grant such further relief as is just.

Respectfully Submitted,
Bruce de'Medici


By___/s/ Bruce de'Medici



Bruce de'Medici (ARDC #6184818)
834 Forest Avenue
Oak Park, Illinois 60302
Tel: 312.731.6778
Email: bdemedici@bdmlawgroup.com

# Fee Breakdown

| CATEGORY | HOURS |
|---|---|
| Employment of Professionals | 1.6 |
| Liquidation of Assets | 1.7 |
| Fee Application | 1.8 |
| TOTAL | 5.1 |

| CATEGORY | FEES |
|---|---|
| Employment of Professionals | 680 |
| Liquidation of Assets | 722.50 |
| Fee Application | 765 |
| TOTAL | $2,167.50 |

11

**Exhibit i**

## Bruce E. de'Medici
834 Forest Avenue
Oak Park, Illinois 60302
Telephone: 312.731.6778
Email: bdemedici@bdmlawgroup.com

2/19/14

### BILLING
### Fox/Robinson
### Billing - Employ

| Date | Description | Time | Amount |
|---|---|---|---|
| 12/10/12 | Prepare application to employ counsel | 0.8 | $340.00 |
| 12/18/12 | Court - hearing on application to employ counsel | 0.8 | $340.00 |
| | **TOTAL BILLING** | 1.6 | $680.00 |

**Exhibit ii**

**Bruce E. de'Medici**
834 Forest Avenue
Oak Park, Illinois 60302
Telephone: 312.731.6778
Email: bdemedici@bdmlawgroup.com

2/19/14

## BILLING
### Fox/Robinson
### Billing - Assets

| Date | Description | Time | Amount |
|---|---|---|---|
| 11/30/13 | Prepare motion for approval of sale of Acura | 0.9 | $382.50 |
| 12/18/12 | Court - hearing on motion for authority to sell Accura to the debtor | 0.8 | $340.00 |
| | **TOTAL BILLING** | **1.7** | **$722.50** |

Robinson                              1                              Assets

**Exhibit iii**

**Bruce E. de'Medici**
834 Forest Avenue
Oak Park, Illinois 60302
Telephone: 312.731.6778
Email: bdemedici@bdmlawgroup.com

**2/19/14**

## BILLING
Fox/Robinson
Billing - Fee App

| Date | Description | Time | Amount |
|---|---|---|---|
| 2/17/14 | Prepare fee application | 1.6 | $680.00 |
| 2/18/14 | Edits to fee application | 0.2 | $85.00 |
| | **TOTAL BILLING** | 1.8 | $765.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| JEREMY R ROBINSON | ) | |
| | ) | Case No. 12 B 17894 |
| | ) | |
| | ) | Hon. Pamela S. Hollis |
| **Debtor** | ) | Bankruptcy Judge |

## ORDER AWARDING COMPENSATION AND EXPENSES

THIS MATTER BEING HEARD on the attorney for trustee Bruce de'Medici final requests for the allowance of fees and expenses of administration, notice having been given and the Court being duly advised:

IT IS HEREBY ORDERED that the Trustee's compensation and expenses are allowed as follows:

1. Bruce de'Medici compensation                                $ 2167.50

2. Bruce de'Medici expenses                                        $0.00

                                       TOTAL                   $ 2167.50

DATE:                    ENTER:

                                         _____
                                         PAMELA S. HOLLIS
                                         UNITED STATES BANKRUPTCY JUDGE